| PROB 22 (Rev. 1/2023) | **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Tran. Court)* 23-00767-001 |  |
|---|---|---|---|---|
| | | | DOCKET NUMBER *(Rec. Court)* 25tp80017 Rosenberg | |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Janet Lee Blissitt | | DISTRICT New Jersey | DIVISION Newark | |
| | | NAME OF SENTENCING JUDGE Esther Salas | | |
| | | DATES OF PROBATION/ SUPERVISED RELEASE: | FROM 05/05/25 | TO 05/04/2028 |

**OFFENSE**

18:1343.F, Fraud By Wire - Radio - Or Television

JUSTIFICATION/REASON FOR TRANSFER (e.g., prosocial ties, employment/education opportunities, violation of supervision)

Offender permanently reside in Florida

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE New Jersey

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Southern District Florida upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

5/22/2025
Date

United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE Southern District Florida

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

June 9, 2025
Effective Date

United States District Judge

2022R00440/DEM/HH

25tp80017 Rosenberg

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Esther Salas |
| | : | |
| v. | : | Crim. No. 23- 767 |
| | : | |
| JANET LEE BLISSITT | : | 18 U.S.C. § 1343 |

## I N F O R M A T I O N

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

### Background

1.  At all times relevant to this Information:

    a.  Defendant Janet Lee Blissitt ("BLISSITT") was a resident of Margate, Florida and was a bookkeeper and assistant who worked for Law Firm-1.

    b.  Law Firm-1 was a law firm based in Boca Raton, Florida.

    c.  Law Firm-1 maintained several different bank accounts that it used as a part of its business, to which BLISSITT had access in her role as a bookkeeper, including the following:

        i.   Law Firm Trust Account-1

        ii.  Law Firm Operating Account-1

        iii. Law Firm Money Market Savings Account-1

        iv.  Client Trust Account-1

        v.   Client Trust Account-2

    d.  BLISSITT maintained a personal bank account at another bank (the "Blissitt Account").

e.  While employed by Law Firm-1, BLISSITT was provided a business email address (the "Blissitt Law Firm Email Account").

### The Scheme to Defraud

2. From at least in or around October 2021 through in or around March 2022, in Essex County, Hudson County, and Union County, in the District of New Jersey, and elsewhere, the defendant,

**JANET LEE BLISSITT**,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud victims, including Law Firm-1, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice was, in substance, as set forth below.

### Goal of the Scheme to Defraud

3. The goal of the scheme was for BLISSITT to embezzle money from Law Firm-1's bank accounts, including Law Firm-1's operating and client trust accounts, by fraudulently transferring and causing to be transferred over $3 million from Law Firm-1's bank accounts to the Blissitt Account and several other accounts.

### Manner and Means of the Scheme to Defraud

4. The manner and means by which BLISSITT sought to accomplish the goal of the scheme included, among other things, the following:

a.  On or about November 18, 2021, BLISSITT transferred approximately $30,000 from Law Firm Trust Account-1 to Law Firm Operating Account-1. BLISSITT provided a false description on the transfer, stating that the purpose of the transfer was for "Partial Atty Fees." Later that day, without

2

authorization from Law Firm-1, BLISSITT executed a wire transfer from Law Firm Operating Account-1 to the Blissitt Account.

  b.  On or about November 24, 2021, without authorization from Law Firm-1, BLISSITT executed another wire transfer from Law Firm Operating Account-1 to the Blissitt Account.

  c.  On or about November 30, 2021, without authorization from Law Firm-1, BLISSITT wired approximately $3,000 from Law Firm Operating Account-1 to a business bank account in Springfield, New Jersey, in the name of "Ultrawells LLC," with a recipient address in Newark, New Jersey (the "Ultrawells Account").

  d.  On or about December 2, 2021, BLISSITT transferred approximately $50,000 from Law Firm Trust Account-1 to Law Firm Operating Account-1. BLISSITT provided a false description on the wire transfer, stating that the purpose of the transfer was for attorney's fees.

  e.  On or about the same day, BLISSITT transferred approximately $43,000 from Law Firm Money Market Savings Account-1 to Law Firm Operating Account-1. BLISSITT provided a false description on the wire transfer, stating that the purpose of the transfer was for attorney's fees.

  f.  Later on or about the same day, without authorization from Law Firm-1, BLISSITT wired approximately $93,500 from Law Firm Operating Account-1 to the Ultrawells Account.

  g.  On or about December 7, 2021, BLISSITT sent two emails from her personal email account to the Blissitt Law Firm Email Account. One email contained a screen capture of the wire transfer confirmation described in Paragraph

3

f. The other email contained a screenshot of a Skype message with "Jack Walker," containing the Ultrawells Account address, routing, and account number.

h. On or about December 9, 2021, BLISSITT transferred approximately $630,000 from Law Firm Money Market Savings Account-1 to Law Firm Operating Account-1. BLISSITT provided a false description that the purpose of the transfer was for fees. Later on or about the same day, without authorization from Law Firm-1, BLISSITT wired approximately $199,999 from Law Firm Operating Account-1 to a business bank account in Jersey City, New Jersey, in the name of "Emmakay LLC" (the "Emmakay Account").

i. On or about December 10, 2021, without authorization from Law Firm-1, BLISSITT wired approximately $230,000 from Law Firm Operating Account-1 to the Ultrawells Account.

j. On or about December 14, 2021, without authorization from Law Firm-1, BLISSITT wired approximately $200,001 from Law Firm Operating Account-1 to the Emmakay Account.

k. On or about January 7, 2022, BLISSITT forwarded an email from her personal email account to the Blissitt Law Firm Email Account. The email was from "Jack Walker" (the "Jack Walker Email Account") and had the subject line: "New Account My Love." The body of the email included the account and routing number for a bank account maintained in Bayonne, New Jersey.

l. On or about January 27, 2022, BLISSITT forwarded from her personal email account to the Blissitt Law Firm Email Account an email from the Jack Walker Email Account. The email contained the account name, routing number,

4

and account number for a business bank account in Ohio (the "Ohio Account"), and listed: "Purpose: Invoice Payment."

   m. Shortly thereafter, on or about the same day, BLISSITT transferred approximately $70,000 from Client Trust Account-1 to Law Firm Operating Account-1. BLISSITT provided a false description on the transfer, stating that the purpose of the transfer was for fees.

   n. Approximately one minute later, on or about the same day, BLISSITT transferred approximately $26,800 from Client Trust Account-2 to Law Firm Operating Account-1. BLISSITT provided a false description on the transfer, stating that the purpose of the transfer was for fees.

   o. Approximately thirty minutes later, on or about the same day, without the authorization of Law Firm-1, BLISSITT wired approximately $96,800 from Law Firm Operating Account-1 to the Ohio Account.

### Execution of the Scheme to Defraud

5. For the purpose of executing and attempting to execute the scheme and artifice to defraud, in the District of New Jersey and elsewhere, the defendant,

**JANET LEE BLISSITT**,

did knowingly and intentionally transmit and cause to be transmitted by means of wire, radio, and television communications in interstate commerce, certain writings, signs, signals, pictures, and sounds, including a wire communication sent on or about December 2, 2021, from a location in Florida to a location in New Jersey.

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

1. Upon conviction of the offense in violation of 18 U.S.C. § 1343, as charged in this Information, defendant JANET LEE BLISSITT shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, the defendant obtained that constitutes or is derived from proceeds traceable to the commission of such offense, and all property traceable to such property.

## SUBSTITUTE ASSETS PROVISION

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

*Philip R. Sellinger*
PHILIP R. SELLINGER
United States Attorney

AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

25tp80017 Rosenberg

UNITED STATES OF AMERICA

v.

JANET LEE BLISSITT

Defendant.

CASE NUMBER 2:23-CR-00767-ES-1

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, JANET LEE BLISSITT, was represented by JONATHAN S. FRIEDMAN, ESQ.

The defendant pleaded guilty to count(s) 1 of the INFORMATION on 9/27/2023. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1343 | WIRE FRAUD | IN OR AROUND 10/2021 THROUGH IN OR AROUND 3/2022 | 1 |

As pronounced on May 16, 2024, the defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must pay to the United States a special assessment of $100.00 for count(s) 1, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

Signed this 16th day of May, 2024.

Hon. Esther Salas
U.S. District Judge

33312

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Judgment - Page 2 of 7

Defendant: JANET LEE BLISSITT
Case Number: 2:23-CR-00767-ES-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 16 months.

The Court makes the following recommendations to the Bureau of Prisons: Designate a minimum-security facility as close as possible to defendant's home address.

The defendant will surrender for service of sentence at the institution designated by the Bureau of Prisons on July 15, 2024.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Judgment - Page 3 of 7

Defendant: JANET LEE BLISSITT
Case Number: 2:23-CR-00767-ES-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of 3 years.

Within 72 hours of release from custody of the Bureau of Prisons, you must report in person to the Probation Office in the district to which you are released.

While on supervised release, you must not commit another federal, state, or local crime, must refrain from any unlawful use of a controlled substance and must comply with the mandatory and standard conditions that have been adopted by this court as set forth below.

Based on information presented, you are excused from the mandatory drug testing provision, however, you may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

You must cooperate in the collection of DNA as directed by the probation officer

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it is a condition of supervised release that you pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release.

You must comply with the following special conditions:

FINANCIAL DISCLOSURE

Upon request, you must provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You must cooperate with the U.S. Probation Officer in the investigation of your financial dealings and must provide truthful monthly statements of your income. You must cooperate in the signing of any authorization to release information forms permitting the U.S. Probation Office access to your financial records.

MENTAL HEALTH TREATMENT

You must undergo treatment in a mental health program approved by the U.S. Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, or sex offense-specific treatment, as approved by the U.S. Probation Office, until discharged by the Court. The U.S. Probation Office will supervise your compliance with this condition.

NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You must not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

VICTIM (NO CONTACT)

You must not communicate, or otherwise interact with, either directly or indirectly, without first obtaining the permission of the U.S. Probation Office. This includes, but is not limited to, contact through a third person, personal visits, letters, communication devices, audio or visual devices, or social networking sites.

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Judgment - Page 4 of 7

Defendant: JANET LEE BLISSITT
Case Number: 2:23-CR-00767-ES-1

OTHER (PRETRIAL AND SUPERVISED RELEASE CONDITIONS)

Defendant shall cooperate with any civil proceedings by any victims of the offense seeking to recover money related to this offense by providing truthful information when requested.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment - Page 6 of 7

Defendant: JANET LEE BLISSITT
Case Number: 2:23-CR-00767-ES-1

## STANDARD CONDITIONS OF SUPERVISION

13) You must follow the instructions of the probation officer related to the conditions of supervision.

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____
                    Defendant                                    Date


_____
U.S. Probation Officer/Designated Witness               Date

AO 245B (Mod. D/NJ 12/06) Sheet 6 - Restitution and Forfeiture

Defendant: JANET LEE BLISSITT  
Case Number: 2:23-CR-00767-ES-1

Judgment - Page 7 of 7

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the amount of $3,073,321. Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for proportionate distribution to the following victims in the following amounts:

| Name of Payee (Victim) | Amount of Restitution |
|---|---|
| The P.L. Estate | $472,591 |
| V.D. and F.D. | $2,530,730 |
| M[redacted] Trust Account | $70,000 |

The restitution is due immediately. It is recommended that you participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP). If you participate in the IFRP, the restitution will be paid from those funds at a rate equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, you must satisfy the amount due in monthly installments of no less than $100, to commence 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

Query    Reports    Utilities    WorkFlows    Schedule    Help
What's New    Log Out

25tp80017 Rosenberg

CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CRIMINAL DOCKET FOR CASE #: 2:23-cr-00767-ES-1

| | |
|---|---|
| Case title: USA v. LEE BLISSITT | Date Filed: 09/27/2023 |
| Magistrate judge case number: 2:22-mj-15110-ESK | Date Terminated: 05/16/2024 |

Assigned to: Judge Esther Salas

**Defendant (1)**

**JANET LEE BLISSITT**  represented by  **JONATHAN S. FRIEDMAN**
*TERMINATED: 05/16/2024*    COUNSEL NOT ADMITTED TO USDC-NJ BAR
   101 N.E. 3RD AVE.
   SUITE 1500
   FORT LAUDERDALE, FL 33301
   954-713-2820
   Fax: 754-301-5109
   Email: jfriedmanlawfirm@gmail.com
   *LEAD ATTORNEY*
   *ATTORNEY TO BE NOTICED*
   Designation: Retained

**Pending Counts**

18 U.S.C. § 1343 WIRE FRAUD (DOF: In or around 10/2021 through in or around 3/2022)
(1)

**Disposition**

Sentence: 16 months Imprisonment; Supervised Release: 3 years w/ Special Conditions: FINANCIAL DISCLOSURE, MENTAL HEALTH TREATMENT, NEW DEBT RESTRICTIONS, VICTIM(NO CONTACT), OTHER (PRETRIAL AND SUPERVISED RELEASE CONDITIONS); Restitution: $3,073,321.00 (due immediately); Fine: Waived; Special Assessment: $100.00 (due immediately)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                              **Disposition**

None

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:1343: Wire Fraud | |

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | DAVID ELLIOTT MALAGOLD<br>OFFICE OF THE US ATTORNEY<br>970 BROAD STREET<br>SUITE 700<br>NEWARK, NJ 07102<br>(973) 645-6103<br>Email: david.malagold@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney*<br><br>**HYUNGJOO HAN**<br>DOJ-CRM<br>CRIMINAL DIVISION, FRAUD SECTION<br>1400 NEW YORK AVE NW<br>8TH FLOOR<br>WASHINGTON, DC 20005<br>202-754-0901<br>Email: hyungjoo.han@usdoj.gov<br>*TERMINATED: 11/29/2023*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney*<br><br>**INGRID EICHER**<br>DOJ-USAO<br>DISTRICT OF NEW JERSEY<br>970 BROAD STREET<br>NEWARK, NJ 07102<br>973-645-2839<br>Email: ingrid.eicher@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/13/2022 | 1 | COMPLAINT as to JANET LEE BLISSITT (1). (sms) [2:22-mj-15110-ESK] (Entered: 05/20/2022) |
| 05/13/2022 | 3 | Order granting and sealing case as to JANET LEE BLISSITT. Signed by Magistrate Judge Edward S. Kiel on 5/13/2022. (sms) [2:22-mj-15110-ESK] (Entered: 05/20/2022) |

| | | |
|---|---|---|
| 05/25/2022 | | Arrest of JANET LEE BLISSITT in the Southern District of Florida. (jqb, ) [2:22-mj-15110-ESK] (Entered: 05/31/2022) |
| 05/31/2022 | 4 | Rule 5 Documents Received as to JANET LEE BLISSITT (jqb, ) [2:22-mj-15110-ESK] (Entered: 05/31/2022) |
| 05/31/2022 | | Case unsealed as to JANET LEE BLISSITT (jqb, ) [2:22-mj-15110-ESK] (Entered: 05/31/2022) |
| 05/31/2022 | 5 | NOTICE OF ATTORNEY APPEARANCE: JONATHAN S. FRIEDMAN appearing for JANET LEE BLISSITT (jqb, ) [2:22-mj-15110-ESK] (Entered: 05/31/2022) |
| 06/01/2022 | 6 | Minute Entry for proceedings held before Magistrate Judge Leda D. Wettre: Initial Appearance as to JANET LEE BLISSITT held on 6/1/2022. Bail Set: $150,000 unsecured appearance bond, PTS supervision, travel restricted, etc. (jqb, ) [2:22-mj-15110-ESK] (Entered: 06/01/2022) |
| 06/01/2022 | 7 | VIDEO CONSENT ORDER as to JANET LEE BLISSITT. Signed by Magistrate Judge Leda D. Wettre on 6/1/2022. (jqb, ) [2:22-mj-15110-ESK] (Entered: 06/01/2022) |
| 06/01/2022 | 8 | BRADY ORDER as to JANET LEE BLISSITT. Signed by Magistrate Judge Leda D. Wettre on 6/1/2022. (jqb, ) [2:22-mj-15110-ESK] (Entered: 06/01/2022) |
| 06/01/2022 | 9 | ORDER Setting Conditions of Release as to JANET LEE BLISSITT. Bail Set: $150,000 unsecured appearance bond, PTS supervision, travel restricted, no contact condition, etc. (Finance notified). Signed by Magistrate Judge Leda D. Wettre on 6/1/2022. (jqb, ) [2:22-mj-15110-ESK] (Entered: 06/01/2022) |
| 06/01/2022 | 10 | Unsecured Appearance Bond Entered as to JANET LEE BLISSITT in amount of $150,000. (jqb, ) [2:22-mj-15110-ESK] (Entered: 06/01/2022) |
| 06/01/2022 | 11 | ORDER TO CONTINUE - Ends of Justice as to JANET LEE BLISSITT Time excluded from 6/1/2022 until 7/31/2022. Signed by Magistrate Judge Leda D. Wettre on 6/1/2022. (jqb, ) [2:22-mj-15110-ESK] (Entered: 06/01/2022) |
| 08/01/2022 | 12 | ORDER TO CONTINUE - Ends of Justice as to JANET LEE BLISSITT Time excluded from 8/1/2022 until 10/31/2022. Signed by Magistrate Judge Edward S. Kiel on 8/1/2022. (sms) [2:22-mj-15110-ESK] (Entered: 08/01/2022) |
| 10/21/2022 | 13 | ORDER TO CONTINUE - Ends of Justice as to JANET LEE BLISSITT Time excluded from 10/21/2022 until 1/13/2023. Signed by Magistrate Judge Edward S. Kiel on 10/21/2022. (sms) [2:22-mj-15110-ESK] (Entered: 10/24/2022) |
| 01/17/2023 | 14 | ORDER TO CONTINUE - Ends of Justice as to JANET LEE BLISSITT Time excluded from 1/17/2023 until 3/14/2023. Signed by Magistrate Judge Edward S. Kiel on 1/17/2023. (akw) [2:22-mj-15110-ESK] (Entered: 01/18/2023) |
| 03/13/2023 | 15 | ORDER TO CONTINUE - Ends of Justice as to JANET LEE BLISSITT Time excluded from 3/13/2023 until 5/31/2023. Signed by Magistrate Judge Edward S. Kiel on 3/13/2023. (sms) [2:22-mj-15110-ESK] (Entered: 03/14/2023) |
| 05/23/2023 | 16 | NOTICE *Change of Address* as to JANET LEE BLISSITT (FRIEDMAN, JONATHAN) [2:22-mj-15110-ESK] (Entered: 05/23/2023) |
| 05/31/2023 | 18 | ORDER TO CONTINUE - Ends of Justice as to JANET LEE BLISSITT Time excluded from 5/31/2023 until 8/4/2023. Signed by Magistrate Judge Edward S. Kiel on 5/31/2023. (akw) [2:22-mj-15110-ESK] (Entered: 06/02/2023) |
| 06/01/2023 | 17 | Substitution of Attorney - Attorney ANTHONY P TORNTORE for USA added. Attorney JAMIE HOXIE SOLANO terminated. (SOLANO, JAMIE) [2:22-mj-15110-ESK] |

| | | |
|---|---|---|
| | | (Entered: 06/01/2023) |
| 06/06/2023 | 19 | NOTICE OF ATTORNEY APPEARANCE HYUNGJOO HAN appearing for USA. (HAN, HYUNGJOO) [2:22-mj-15110-ESK] (Entered: 06/06/2023) |
| 06/22/2023 | 20 | Consent Protective Order as to JANET LEE BLISSITT; etc. Signed by Magistrate Judge Edward S. Kiel on 6/22/2023. (sms) [2:22-mj-15110-ESK] (Entered: 06/26/2023) |
| 07/24/2023 | 21 | ORDER TO CONTINUE - Ends of Justice as to JANET LEE BLISSITT Time excluded from 8/4/2023 until 10/4/2023. Signed by Magistrate Judge Edward S. Kiel on 7/24/2023. (sms) [2:22-mj-15110-ESK] (Entered: 07/28/2023) |
| 08/01/2023 | 22 | NOTICE *Change of Address* as to JANET LEE BLISSITT (FRIEDMAN, JONATHAN) [2:22-mj-15110-ESK] (Entered: 08/01/2023) |
| 09/27/2023 | 23 | INFORMATION as to JANET LEE BLISSITT (1) count(s) 1. (ek) (Entered: 09/27/2023) |
| 09/27/2023 | 24 | WAIVER OF INDICTMENT by JANET LEE BLISSITT. (ek) (Entered: 09/27/2023) |
| 09/27/2023 | 25 | Minute Entry for proceedings held before Judge Esther Salas: Plea Agreement Hearing as to JANET LEE BLISSITT held on 9/27/2023. Plea entered: Guilty to Count 1 of the Information. Sentencing set for 2/14/2024 at 11:30 AM in Newark - Courtroom 5A before Judge Esther Salas. (Court Reporter/Recorder Mary Jo Monteleone (973-645-3833).) (ek) (Entered: 09/27/2023) |
| 09/27/2023 | 26 | APPLICATION for permission to enter Plea of guilty as to JANET LEE BLISSITT. (ek) (Entered: 09/27/2023) |
| 09/27/2023 | 27 | PLEA AGREEMENT as to JANET LEE BLISSITT. (ek) (Entered: 09/27/2023) |
| 11/29/2023 | 28 | NOTICE OF ATTORNEY APPEARANCE INGRID EICHER appearing for USA. Attorney HYUNGJOO HAN terminated. (EICHER, INGRID) (Entered: 11/29/2023) |
| 01/30/2024 | | Set/Reset Hearings as to JANET LEE BLISSITT: Sentencing reset for 5/16/2024 at 01:00 PM in Newark - Courtroom 5A before Judge Esther Salas. (ek) (Entered: 01/30/2024) |
| 04/23/2024 | | Set/Reset Hearings as to JANET LEE BLISSITT: Sentencing reset for 5/16/2024 at 11:30 AM in Newark - Courtroom 5A before Judge Esther Salas. (ek) (Entered: 04/23/2024) |
| 04/26/2024 | 32 | Submission Notice - Sentencing Materials have been submitted to the Court by USA as to JANET LEE BLISSITT. (EICHER, INGRID) (Entered: 04/26/2024) |
| 05/06/2024 | 33 | Submission Notice - Sentencing Materials have been submitted to the Court by JANET LEE BLISSITT. (FRIEDMAN, JONATHAN) (Entered: 05/06/2024) |
| 05/14/2024 | 34 | Submission Notice - Sentencing Materials have been submitted to the Court by USA as to JANET LEE BLISSITT. (EICHER, INGRID) (Entered: 05/14/2024) |
| 05/16/2024 | 35 | Minute Entry for proceedings held before Judge Esther Salas: Sentencing held as to JANET LEE BLISSITT to Count(s) 1. Defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 16 months.Supervised release for a term of 3 years with special conditions. Restitution: $3,073,321.00 due immediately. Fine waived. Special Assessment: $100.00 due immediately. Defendant advised of her rights to appeal. Self-Surrender: July 15, 2024. (Court Reporter/Recorder Mary Jo Monteleone (973-645-3833).) (ek) (Entered: 05/16/2024) |
| 05/16/2024 | 36 | JUDGMENT as to JANET LEE BLISSITT (1), Count 1, Sentence: 16 months Imprisonment; Supervised Release: 3 years w/ Special Conditions: FINANCIAL DISCLOSURE, MENTAL HEALTH TREATMENT, NEW DEBT RESTRICTIONS, VICTIM (NO CONTACT), OTHER (PRETRIAL AND SUPERVISED RELEASE CONDITIONS); Restitution: $3,073,321.00 (due immediately); Fine: Waived; Special |

| | | |
|---|---|---|
| | | Assessment: $100.00 (due immediately) (Finance notified). Signed by Judge Esther Salas on 5/16/2024. (msd) (Entered: 05/17/2024) |
| 06/03/2024 | 37 | NOTICE *of Temporary Change of Address for 2 days for fumigation* as to JANET LEE BLISSITT (FRIEDMAN, JONATHAN) (Entered: 06/03/2024) |